IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT LEE WINFIELD, JR.,

    Petitioner,

v.                               Civil Action No. 3:10cv732

B.A. Bledsoe,

    Respondent.

**MEMORANDUM OPINION**

Robert Lee Winfield, a federal prisoner proceeding pro se, filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. In Winfield's criminal case, United States v. Winfield, No. 2:95cr193 (E.D. Va.), Winfield filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Although styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the present action is in fact a successive motion pursuant to 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism". Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals

for an order authorizing the district court to consider the application." Winfield has not obtained such an order from the United States Court of Appeals for the Fourth Circuit, and, therefore, this Court lacks jurisdiction to consider his successive application for § 2255 relief.

Winfield seeks to avoid that result by styling his present motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)(emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Under certain very limited circumstances, an inmate may be able to pursue a § 2241 petition challenging his conviction and sentence where the inmate proves that a § 2255 motion is inadequate or ineffective to test the legality of his detention. See Swain v. Pressley, 430 U.S. 372, 381 (1977) (concluding that § 2241 application will not be entertained unless § 2255 motion is inadequate or ineffective to test the legality of detention). For example, in In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality

> of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34. Winfield has not made such a showing. Accordingly, the action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Winfield.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 6, 2011