

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT LEE WINFIELD, JR.,

    Petitioner,

v.                            Civil Action No. 3:10cv732

B.A. BLEDSOE,

    Respondent.

**MEMORANDUM OPINION**

Robert Lee Winfield, a federal prisoner proceeding pro se, filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. By Memorandum Opinion and Order entered March 1, 2011, the Court dismissed the action because although Winfield styled the action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, it was in fact an unauthorized, successive motion pursuant to 28 U.S.C. § 2255.

The Court informed Winfield that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Winfield had not obtained such an order from the United States Court of Appeals for the Fourth Circuit, and, therefore, this Court lacked jurisdiction to consider his successive application for § 2255 relief.

Winfield now moves for reconsideration of the order dismissing the action. Because Winfield's motion was filed less than 28 days

after the March 1, 2011 Order, the Court will treat Winfield's motion as arising under Federal Rule of Civil Procedure 59(e).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)(internal quotation marks omitted). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In his motion, Winfield claims that the Court improperly construed his petition as a second or successive § 2255. Winfield insists that he properly raised his claims pursuant to § 2241 "because [he] is not attacking a conviction or sentence." (Mot. Reconsideration 2.) Instead, he "seeks to challenge count one of the indictment because when the jury convicted [him], . . . the jury [used] that count as the third drug violation to convict [him] for engaging in a continuing criminal enterprise." (Mot. Reconsideration 2-3.) Winfield claims that later, at sentencing, "the judge dismissed and vacated count one of the indictment before

2

[Winfield] had the opportunity to challenge that count." (Mot. Reconsideration 3.)

A motion pursuant to § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Under certain very limited circumstances, an inmate may be able to pursue a § 2241 petition challenging his conviction and sentence where the inmate proves that a § 2255 motion is inadequate or ineffective to test the legality of his detention. See Swain v. Pressley, 430 U.S. 372, 381 (1977) (concluding that § 2241 application will not be entertained unless § 2255 motion is inadequate or ineffective to test the legality of detention); Rice v. Rivera, 617 F.3d 802, 805 (4th Cir. 2010) (noting that federal convicts "'are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate'" under § 2255 (quoting In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997))).

Winfield has not identified why a § 2255 motion is inadequate or ineffective to test the legality of his detention. Winfield does not demonstrate a clear error of law or any other basis for granting Rule 59(e) relief. Accordingly, Winfield's motion for

reconsideration (Docket No. 5) will be DENIED. The Court will DENY a certificate of appealability.[1]

The Clerk is directed to send a copy of the Memorandum Opinion to Winfield.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 27, 2011

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Winfield has not satisfied this standard.